***********
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence remands this case for final disposition by Chief Deputy Commissioner Gheen.
 ***********
The following documents were introduced into evidence by stipulation of the parties at trial:
 EXHIBITS
1. Plaintiffs' Exhibit 1: North Carolina Department of Correction (hereinafter "NCDOC") form Notice of Action Taken by Classification Authority dated 28 January 1997.
2. Plaintiffs' Exhibit 2: NCDOC form Notice of Hearing for Consideration dated 23 January 1997.
3. Plaintiffs' Exhibit 3: NCDOC form Notice of Hearing for Consideration dated 28 January 1997.
4. Defendant's Exhibit 1: NCDOC Medical Records for James Bunch, Jr.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff James Bunch was incarcerated by defendant at the Caledonia Correctional Institute (hereinafter "Caledonia") on 12 January 1997.
2. Plaintiff underwent surgery to his right foot at Duke Medical Center in 1995. A part of the surgical procedure required the insertion of metal screws in plaintiff's foot.
3. Plaintiff alleges that in 1997 one of the surgical screws inserted began to reverse itself as evidenced by the screw visibly forcing itself against plaintiff's skin. Plaintiff alleges that a Dr. Crockran and Nurse Emery, NCDOC employees or agents, were negligent in failing to timely provide treatment for the condition.
4. Plaintiff's NCDOC medical records have been reviewed in their entirety. It would appear that not all medical records from 1996 have been introduced into evidence. Some pertinent notations from the medical records introduced into evidence are:
 a. 7 February 1996, an orthopaedic follow-up had been ordered on 3 July 1995, but had not received the appropriate NCDOC approval. The attending nurse requested a referral to the orthopaedic clinic.
 b. Plaintiff's ankle was x-rayed on 6 March 1997. The x-ray examination revealed that one of the screws was almost completely out of the parent bone stretching the skin over the screw.
c. On 2 April 1996, plaintiff was evaluated for the need for a cane.
 d. On 22 February 1997, plaintiff complained of foot pain related to his hardware for over one year, including the protruding screw. An orthopaedic referral was made.
 e. On 21 and 22 March 1997, plaintiff again complained of the surgical screw pressing against his skin. A note was made to refer plaintiff for an evaluation.
 f. 25 March 1997, a medical note documents that the surgical screw is "corking out" and needs to be removed.
 g. 7 April 1997, a physician noted that the surgical screw required removal to prevent skin necrosis.
 h. A medical note indicates that an orthopaedic follow-up was conducted on 9 June 1997, and plaintiff was referred for surgical correction of the ankle.
 i. On 1 October 1997, plaintiff's ankle was medically corrected, including removal of the surgical screw in question.
5. The evidence suggests, but does not prove by the greater weight of the evidence, that defendant's employees or agents were not timely in securing medical treatment to remove the bone screw. From the evidence presented, the medical records do not document with sufficient clarity plaintiff's allegations against Dr. Crockran or Nurse Emery. Furthermore, plaintiff has failed to introduce expert opinion evidence as to the standard of care, breach of that care or evidence of injury as a proximate cause of any breach of the applicable standard of care.
6. Plaintiff did subpoena Dr. Frank H. Bassett, III, prior to the hearing of this matter to produce medical records. Dr. Bassett, through counsel filed a Motion to Quash the Subpoena issued by plaintiff because Dr. Bassett has no recollection of participating in plaintiff's surgery and had no medical records to produce. By Order of the Industrial Commission the Motion to Quash was granted.
7. It further appears that defendant has not provided all medical records related to the matters in controversy and that plaintiff, proceeding pro se, had requested medical records prior to the trial of this matter.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. In order to maintain an action for medical negligence, plaintiff must offer evidence to establish (a) the applicable standard of care; (b) breach of that standard; (c) proximate cause; and (d) damages. Turner v.Duke University, 325 N.C. 152, 381 S.E.2d 706 (1989).
2. Defendant should be compelled to provide plaintiff's medical records that may be in possession or control of defendant from the date of plaintiff's first surgery in 1995 through 1996 that are not duplicative of the medical records already presented. N.C. Gen. Stat. § 1A-1, Rule 26.
3. Upon receipt of the medical records, the Court will provide a copy of those records to Dr. Bassett to determine whether or not he can formulate an opinion as to the issues presented in this civil action.
4. Appellate review of plaintiff's claim against defendant for medical negligence was improvidently allowed as no final decision has been reached by the Chief Deputy Commissioner.
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Appellate review of plaintiff's claim against defendant for medical negligence was improvidently allowed as no final decision has been reached by the Chief Deputy Commissioner. Therefore, this case is remanded to the Chief Deputy Commissioner for final disposition of the medical negligence claim.
2. Defendant shall provide the Chief Deputy Commissioner, with a copy to plaintiff, of plaintiff's medical records in the care, custody or control of defendant from the date of plaintiff's surgery in 1995 through 1996 to the extent that they are not duplicative of medical records introduced. The medical records are to be provided within 60 days of the date of this Order.
3. Upon receipt of the medical records, a copy will be conveyed to Dr. Bassett. Plaintiff will then be accorded a reasonable period of time in which to determine whether or not Dr. Bassett has an opinion on the relevant questions presented in this civil action or whether or not plaintiff can provide the name of an expert who can provide the expert testimony necessary.
4. No costs are taxed as plaintiff was permitted to proceed informa pauperis.
This the ___ day of June, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN